HENRY S. DAVIS, administrator, *et al.*, plaintiff in error, *vs.* WYATT R. SINGLETON and WILLIAM A. BLACK, defendants in error.

NOTE.—WARNER, C. J., did not preside in this case.

New parties may be added to an original bill, by an amendment in the nature of a supplemental bill; and the representatives of deceased persons may be made parties by *scire facias*.

Amendment. Demurrer. Decided by Judge WORRILL, Schley Superior Court, October Term, 1866.

John Joyce owned an interest in the estate of Jesse Cherry and of Naomi Lilly, deceased. John Springer was the executor of Cherry, and Samuel H. Crawford was the administrator of Lilly.

Joyce, for a valuable consideration, sold his said interest to Burton A. Congleton, and delivered to him an irrevocable power of attorney to sue said Springer, executor, and Crawford, administrator, for said interests. For a like consideration, Congleton sold two-thirds of his said purchased interests to William A. Black and Wyatt R. Singleton, and agreed to prosecute suit for the same, at the common expense, and for the common benefit of said three purchasers.

Congleton filed his bill in the name of Joyce for discovery, *ne exeat*, &c., against Springer and Crawford. Congleton died, and Austin Congleton became his administrator. Crawford died, and his wife administered on his estate; and Springer died, and his estate was administered upon by Henry S. Davis.

Before Springer died, he left with Seaborn Montgomery a sum of money and other assets to meet the decree of the Court, and save harmless his securities on the *ne exeat* bond.

Austin Congleton refused to prosecute said cause.

Said Black and Singleton set forth these facts in a supplemental bill, and prayed that Joyce's name be stricken, because he was an unnecessary party complainant; that they be made the sole complainants in said bill; and that the said administrators of Springer and Crawford, and said Mont-

Davis, adm'r, *et al. vs.* Singleton and Black.

gomery, be made parties defendant to said bill, without prejudice to said *ne exeat,* and the cause proceed ; and that they account with complainant as assignees of said interest of Joyce.

This supplemenal bill was demurred to, for a misjoinder of defendants, and causes of action, and multifariousness, and because the object of complainants could be obtained by amendment to the original bill ; and lastly, because complainants' claim is champertous.

The Court overruled the demurrer, on terms as follows : that the administrators of Springer and Crawford be served with *scire facias* to show cause why they shall not be made parties defendant to said original and supplemental bills ; and that in the meanwhile they shall not be held to be parties thereto.

Plaintiff in error excepted to this order and judgment, and assigns the same as error.

BLANFORD and MILLER, S. HALL, H. K. McCAY, for plaintiff in error.

B. HILL, for defendant in error.

WALKER, J.

We see no error in this record. The Court decided that an amendment, in the nature of a supplemental bill, might be made; and that the representatives of deceased persons should not be parties to the bill until after they should have been called upon by *scire facias* to show cause why they should not be made parties to the litigation. We think this whole matter was left to the discretion of the Circuit Judge —Code, Sec. 4093—and we see no abuse of his discretion in this case.

Judgment affirmed.